FILED

2015 Apr-03  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| MARLYN PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.    4:14-cv-1162-TMP |
| | ) | |
| AMERICAN GENERAL LIFE | ) | |
| INSURANCE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendant,

American General Life Insurance ("American General"), on December 31, 2014.

(Doc. 30).  The plaintiff, Marlyn Pruitt, filed a brief in opposition on January 23,

2015.  (Doc. 33).  American General filed a reply on February 10, 2015.  (Doc. 34).

The parties have consented to the jurisdiction of the undersigned magistrate judge;

accordingly, the court enters this Memorandum Opinion.

## BACKGROUND

Ms. Pruitt filed this action pursuant to the Employment Retirement Income

Security Act of 1974 ("ERISA"), seeking benefits under an accidental death

insurance policy available through her deceased husband's employer.  After her

husband died, leaving Ms. Pruitt as the beneficiary, American General refused to pay the policy benefits based upon language in the policy that defined "accident" to include only a death that was caused solely by the accident, and was not contributed to by a disease or other cause.  Her complaint, as amended, seeks benefits under the plan (Count I), and further seeks "equitable relief" (Count II). (Doc. 28).

American General seeks dismissal of Count II of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the claim is not permitted to be pleaded where the plaintiff also is seeking benefits under the terms of an ERISA plan.  The defendant asserts that the equitable relief claim is incompatible with the plaintiff's first count under prevailing ERISA law.  In response, the plaintiff asserts that she is seeking the equitable relief only in the alternative.  Her claim in Count II is based on the assertion that the Plan's definition of "accident" is impermissibly narrow and unenforceable under Alabama law.

## DISCUSSION

The issue, simply put, is whether ERISA allows a plaintiff to seek, alternatively, benefits under the Plan pursuant to 29 U.S.C. Section 1132(a)(1) and equitable

relief pursuant to Section 1132(a)(3).[1]  The plaintiff argues that, should the court find

that she is not entitled to any benefits under the contract, she should then be able to

argue that she is entitled to equitable relief based upon the "unduly restrictive

language" of the policy.[2]  The defendant asserts that the Eleventh Circuit Court of

Appeals has addressed this question and has determined that such alternative pleading

is not permitted under ERISA.

The Eleventh Circuit Court of Appeals stated in Ogden v. Blue Bell Creameries

U.S.A., Inc., that "an ERISA plaintiff who has an adequate remedy under [Section

1132(a)(1)] cannot alternatively plead and proceed under [Section 1132(a)(3).]" 348

F.3d 1284, 1287 (2003)(citing Katz v. Comprehensive Plan of Group Insurance, 197

F.3d 1084, 1088-89 (11th Cir. 1999)).  See also Helms v. General Dynamics Corp.,

222 Fed. App'x 821, 834 (11th Cir. 2007), quoting Jones v. American Gen. Life &

Acci. Ins. Co., 370 F.3d 1065, 1072-73 (11th Cir. 2004).  The holding in Jones was

criticized by a district court in Georgia, which found that the issue of alternative

pleading should rest upon whether the claim for equitable relief was based upon a

---

1       The statutory subsections of 29 U.S.C. Section 1132 are enumerated as Sections 502(a)(1)
and 502(a)(3) of ERISA, but will be referred to herein by the United States Code section numbers.

2       Plaintiff argues the merits of her claim that the policy language is unenforceable under
Alabama law; however, neither the enforceability of the policy nor the applicability of state law is
at issue at this juncture.

different allegation of wrongdoing than the claim for benefits.  See Rosario v. King & Prince Seafood Corp., 2006 WL 2367130 *9-10 (S.D. Ga. 2006).

Defendants rest their argument on the Supreme Court's discussion of the subsection (3) relief in Varity Corp. v. Howe, 516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996), which noted that the plaintiffs "must rely on the third subsection or they have no remedy at all."  Defendant thus asserts that subsection 3 is not available to Ms. Pruitt because she has a remedy available under subsection 1.  The court is persuaded that Jones and Varity compel the conclusion that the alternative pleading is not permitted.

In Varity, the Supreme Court held that the corporate defendant, acting as an ERISA fiduciary, deliberately misled the plaintiffs into changing plans, which resulted in a loss of benefits to the plaintiffs, but which saved the corporation money in the long run.  516 U.S. at 503.  The Court noted that the "plaintiffs in this case could not proceed under the first subsection because they were no longer members of the ... plan and, therefore, had no 'benefits due [them] under the terms of [the] plan." Id. at. 515.  In Varity, the plaintiff had to "rely on the third subsection or they [had] no remedy at all."  Id.

Similarly, in Jones, the Eleventh Circuit Court of Appeals allowed the plaintiffs to proceed under an equitable relief claim where the plaintiffs had been promised that

they would have benefits for life without payment of any premiums after retirement, but the employer ultimately terminated the retiree group life benefit. 370 F.3d at 1068. The plaintiffs asserted that they were "routinely told" that they would receive "free, lifetime life insurance coverage" if they stayed with the company until retirement, and that they relied on those promises to their detriment in making their plans for retirement. 370 F.3d at 1071-72.

In <u>Jones</u>, and before that in <u>Varity</u>, the alternative claim was that the fiduciary had tricked or defrauded the plaintiffs out of their benefits, not simply that the ERISA plan did not provide the benefits. That sort of fraud or deceit is not alleged here. The relief at the heart of plaintiff's complaint is the payment of benefits under an ERISA plan.

In this case, the plaintiff is seeking the payment of benefits due under an ERISA plan, which is clearly relief available under 29 U.S.C. Section 1132(a)(1). Ms. Pruitt asserts that her husband's death was an "accident" and should be covered by the policy, and that the Plan Administrator improperly found that the death was not an "accident." Accordingly, the plaintiff is not entitled to seek the alternative relief available under subsection (3).

## CONCLUSION

Based on the foregoing considerations, American General's motion to dismiss

is due to be granted and Count II of the Amended Complaint hereby is dismissed.

DATED the 3rd day of April, 2015.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE